**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                                       Case No.: 8:07-cr-304-T-27AEP

**JUSTIN FORD**

_____/

**ORDER**

**BEFORE THE COURT** is Defendant Ford's "Emergency Writ of Habeas Corpus," construed as a request to terminate his supervised release (Dkt. 131), and the United States Probation Office's Response (Dkt. 133). Upon consideration, the motion is **DENIED**.

Ford stands convicted of making false statements in connection with the purchase of firearms. (Dkt. 3-4). He was sentenced to 45 months imprisonment, followed by 3 years of supervised release. (Id.). His term of supervised release has been revoked three times, most recently in 2017 for a positive urinalysis for amphetamine and several state convictions, including robbery with a weapon, carjacking with a weapon, and burglary. *See* (Dkts. 28, 48, 87, 88, 89). He was sentenced to time served and 18 months of supervised release upon his release from imprisonment. (Dkt. 89). He was released from Florida Department of Corrections on November 3, 2020. (Dkt. 133 at 2).

On November 25, 2020, Ford moved for transfer of his supervised release to Georgia. (Dkt. 126). Probation did not oppose the motion and was directed to request from the appropriate district court approval of the transfer, which remains pending. (Dkts. 129, 130). Ford now seeks early termination of his supervised release, contending that a "conflict" between his supervised release

in Florida and state probation in Georgia will "result in [him] being violated do [sic] to uncontrollable and unconstitutional orders and conditions." (Dkt. 131 at 3). Probation opposes the motion, contending that he is ineligible for early termination because he has not served one year of supervision, and that he poses a "higher risk to community safety" based on his continued criminal activity. (Dkt. 133 at 2). Probation further notes that the United States also "objects unless Mr. Ford is supervised on State supervision or in State custody." (Id.)

Under 18 U.S.C. § 3583(e)(1), a term of supervised release may be terminated "at any time after the expiration of one year of supervised release." As Probation observes, because one year of Ford's supervised release has not expired, he is ineligible for early termination. *See United States v. Brennan*, 766 F. App'x 911, 913 (11th Cir. 2019). Even if Ford is eligible for early termination, § 3583(e)(1) requires consideration of the "factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *See also United States v. Boyd*, 606 F. App'x 953, 959-61 (11th Cir. 2015). After considering these factors, I find that the motion should be denied. Ford stands convicted of a serious offense. Further, his term of supervised release has been revoked several times, most recently in 2017 for a positive urinalysis for amphetamine and numerous state convictions, including for violent offenses. In summary, the nature and circumstances of his offense and the need to promote respect for the law and afford deterrence warrant denial of any reduction to his term of supervised release at this time.[1]

---

[1] Ford also asserts that his term of supervised release is "unconstitutional and illegal," subjects him to "cruel and unusual punishment," and constitutes deliberate indifference. (Dkt. 131 at 1). However, his term of supervised release was authorized by statute, and he cites no authority in support of his contention that the conditions relating to his residence are unlawful. *See United States v. Moriarty*, 429 F.3d 1012, 1023-25 (11th Cir. 2005) (rejecting Eighth Amendment challenge and noting that "[i]n general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment" (citation omitted)).

2

Accordingly, Ford's "Emergency Writ of Habeas Corpus" is **DENIED**. (Dkt. 131).

**DONE AND ORDERED** this 15th day of December, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office

3