UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**UNITED STATES OF AMERICA**

v.                                                          Case No.: 8:07-cr-304-T-27AEP

**JUSTIN FORD**
_____/

**ORDER**

**BEFORE THE COURT** is Defendant Ford's Motion for Clarification (Dkt. 145). No response is necessary. The motion is **DENIED**.

On his third revocation of supervised release, Ford was sentenced to time served and 18 months of supervised release, "less the period of time [he] spent in federal custody." (Dkt. 89 at 4). His motion to transfer his supervised release was granted, and Probation was directed to seek approval of the transfer from the appropriate district court. (Dkts. 126, 130). That request has since been denied by the Northern District of Georgia's probation office. Ford moved to terminate his supervised release, which was denied. (Dkts. 131, 134). His motions to reconsider the denial were denied.[1] (Dkts. 135, 136, 137, 138, 139). He also moved to modify the conditions of his supervised release, which was denied. (Dkts. 143, 144). He now requests that this Court "clarify the remaining prison time he would have to complete to have his supervision terminated" should he "turn himself in." (Dkt. 145 at 1).

---

[1] In an order denying an "emergency" motion for reconsideration, Ford was advised that "additional motions designated as emergencies without exigent circumstances will not be docketed or considered," and that "[u]nwarranted designations of motions as emergencies may result in sanctions." (Dkt. 139 at 2 n.2).

However, Ford provides no authority entitling him to the relief he seeks.[2] Accordingly, his Motion for Clarification is **DENIED**. To the extent he seeks modification or termination of his supervised release under 18 U.S.C. § 3583(e), the request is **DENIED**.

**DONE AND ORDERED** this 11th day of February, 2021.

/s/ *James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Defendant, Counsel of Record, U.S. Probation Office

---

[2] He provides no authority in support of the proposition that he is able to "turn himself in" to complete his term of supervised release. To the extent he seeks revocation of his supervised release, imposition of a sentence following revocation requires consideration of "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). And district courts are "not empowered to determine how the Bureau of Prisons should calculate the time that [defendants have] already served for purposes of determining the remaining length of [a] federal sentence." *United States v. Pressler*, 644 F. App'x 972, 976 (11th Cir. 2016); *see also United States v. Coates*, 775 F. App'x 669, 670-71 (11th Cir. 2019).